IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMARIUS ORNELAS-CASTRO, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:15-CV-2737-K |
| | § | (3:07-CR-190-K-4) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Damarius Ornelas-Castro, a federal prisoner, has moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. *See* 3:15-CV-2737-K, Dkt. No. 1. All record citations are to the criminal case, No. 3:07-CR-190-K, unless otherwise noted. Because it plainly appears that Movant is not entitled to relief, for the reasons explained below, the Court **DISMISSES** her motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### Background

On July 17, 2007, pursuant to a plea agreement [Dkt. No. 67], Movant pleaded guilty to four counts of the indictment filed June 5, 2007 [Dkt. No. 43]: one count of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c) [Count 1]; one count of kidnapping and aiding and abetting, in violation of 18 U.S.C. §§ 1201(a) and 2 [Count 2]; one count of use of interstate communication facilities to demand ransom and aiding and abetting, in violation of 18 U.S.C. §§

875 and 2 [Count 4]; and one count of using, carrying, and brandishing a firearm during or in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 [Count 5]. *See* Dkt. Nos. 77 & 89. On November 7, 2007, she was sentenced to a total term of 320 months' imprisonment (200 months each as to Counts 1, 2, and 4, to run concurrently, and 120 months as to Count 5, to run consecutive to the term of imprisonment on each of Counts 1, 2, and 4). *See* Dkt. No. 123.

Movant's direct appeal was dismissed as frivolous. *See United States v. Ornelas-Castro*, 334 F. App'x 720, 2009 WL 3378281, at *1 (5th Cir. Oct. 20, 2009) (per curiam).

## Legal Standard and Analysis

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief[.]"  *Id.*

Movant's conclusory Section 2255 motion appears to assert that her 2007 conviction for using, carrying, and brandishing a firearm during in or in relation to a drug trafficking offense, for which she received the mandatory statutory minimum of 120 months' imprisonment, is now subject to collateral review in light of the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [the "ACCA"]

violates the Constitution's guarantee of due process," *id.* at 2563.

The ACCA's residual clause defines a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B). While Movant was convicted under Section 924(c), she did not receive an increased sentence under the ACCA. She, in fact, had no criminal history prior to the events leading up to her federal convictions. *See* Dkt. No. 133 (presentence report), ¶¶ 62-67; *see, e.g., id.*, ¶ 64 ("The absence of any criminal convictions establishes a Criminal History Category of I."). Thus, her Section 2255 motion appears to be wholly frivolous and is also time-barred under 28 U.S.C. § 2255(f)(1) because it was filed more than one year after the deadline for Movant to seek certiorari review of the United States Court of Appeals for the Fifth Circuit's judgment dismissing her direct appeal as frivolous. *See, e.g., Montes v. United States*, No. 3:13-cv-1936-K, No. 3:09–cr-286-K (4), 2014 WL 5286608, at *1 (N.D. Tex. Oct. 15, 2014) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

**Conclusion**

For the foregoing reasons, "it plainly appears … that the moving party is not entitled to relief." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 4(b). The Court therefore summarily **DISMISSES** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

SO ORDERED.

Signed September 10th, 2015.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE